UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIG SANDY COMPANY, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-mc-00058-JPH-KMB |
| AMERICAN CARBON CORPORATION F/K/A QUEST ENERGY, INC., | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING PART AND DENYING IN PART**
**VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTAL**

Presently pending before the Court is the Plaintiffs' Verified Motion for Proceedings Supplemental. [Dkt. 3.] For the reasons explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

On October 9, 2024, Plaintiff Big Sandy Company, L.P. ("Big Sandy"), registered a foreign judgment in this Court that was issued by the United States District Court for the Eastern District of Kentucky under Case No. 21-88-DLB-EBA. [Dkt. 1.] This judgment in the amount of $23,880,985.21 ("the Judgment") was entered in favor of Big Sandy on all counts against Defendant American Carbon Corporation f/k/a Quest Energy, Inc. ("ACC"). [*Id.*]

On November 1, 2024, Plaintiff filed the instant Verified Motion for Proceedings Supplemental. [Dkt. 3.] This Motion identified Merchants Bank of Indiana and The National Bank of Indianapolis as the Garnishee Defendants. [*Id.* at 1.] Big Sandy requests that the Court place a 90-day hold on any accounts on which ACC has an interest and that the Court require the Garnishee Defendants to answer the interrogatories attached to their Motion within 30 days of

1

service. [*Id.* at 2.] Big Sandy also requests that the Court issue an order applying the property of ACC to be paid toward the Judgment. [*Id.*]

## II. LEGAL STANDARD

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*, 93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted). Under Federal Rule of Civil Procedure 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Because this case is pending in the United States District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides:

> (E) **Proceedings Supplemental to Execution**. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:
>
> (1) that the plaintiff owns the described judgment against the defendant;
>
> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>
> (3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>
> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to

> execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.
>
> If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
> The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E).

"A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc. v. Nichols*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

A judgment creditor who has obtained a money or property judgment in one federal district may initiate proceedings supplemental in another federal district by filing a certified copy of the judgment in the federal district court where the judgment creditor seeks to enforce the judgment once the judgment has become final by appeal or expiration of the time for appeal. 28 U.S.C. § 1963; *see also GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 623-24 (7th Cir. 2013).

### III. DECISION

The Court, having reviewed the Plaintiff's Motion in accordance with Indiana Trial Rule 69(E) and being duly advised, now finds that the same should be **GRANTED IN PART AND DENIED IN PART** as set forth more fully below.  [Dkt. 3.]

Plaintiff requests that Garnishee Defendants "place a 90-day hold on any deposit account on which ACC has an interest, either individually or jointly with another person[.]"  [Dkt. 3 at ¶ 6(b).]  This request is **GRANTED** such that the Garnishee Defendants—Merchants Bank of Indiana and The National Bank of Indianapolis—are **ORDERED** to place a hold on their depository account(s) of ACC up to the amount of the Judgment pursuant to Ind. Code § 28-9-3-4 until further Order of this Court.  Plaintiff shall pay each Garnishee Defendant a fee of $5.00 in accordance with Ind. Code § 28-9-3-4(d)(5) ("An adverse claimant shall do all of the following: . . . Pay to the depository financial institution five dollars ($5) for each judgment defendant identified by the adverse claimant under subdivision (1). This fee may not be assessed as a cost to the judgment defendant in the action.").

Plaintiff also asks that the Garnishee Defendants be ordered to answer the interrogatories at dkt. 3-2 at pages 3 to 6.  This request is **GRANTED IN PART**.  The rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery.  *See* Fed. R. Civ. P. 69(a)(2); Ind. R. Trial. P. 69(E).  Therefore, Plaintiff may serve the Garnishee Defendants with interrogatories relevant to the proceedings supplemental.  The Garnishee Defendants shall answer those interrogatories under oath and return them to Plaintiff within **30 days of service**.  *See* Fed. R. Civ. P. 33(b)(2).

The Court also sets this matter for an **in-person hearing** in this matter at the following time and location:

**Wednesday, February 5, 2025 at 9:30 a.m. (Eastern)**
**United States Courthouse**
**46 E. Ohio Street, Room 243**
**Indianapolis, IN 46204**

**All individuals entering the federal courthouse must have a valid photo identification to enter.** Plaintiff Big Sandy shall appear at the hearing by counsel. Defendant ACC shall appear at the hearing by counsel and by an agent or employee with sufficient knowledge of the company's income, assets, profits, and other non-exempt property to answer relevant questions at the hearing should counsel for either Party choose to question that agent or employee under oath. The Garnishee Defendants are **not** required to attend the in-person hearing as long as they have answered Plaintiff's interrogatories in a manner consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. **Should Plaintiff receive sufficient information through discovery as authorized by this Order or other means ahead of the scheduled hearing such that it does not believe the hearing is necessary, Plaintiff shall move to vacate the hearing at least seven (7) days in advance of the hearing.**

Plaintiff's request that the property of ACC be paid toward the satisfaction of the Judgment, [dkt. 3 at 2], is **DENIED WITHOUT PREJUDICE** as premature. Plaintiff may renew its request following the hearing as set above or by motion after discovery is complete.

Plaintiff is **ORDERED** to serve a copy of this Order, the Verified Motion for Proceedings Supplemental, [Dkt. 3], and the Eastern District of Kentucky Order and certification, [Dkt. 1], on ACC, on Merchants Bank of Indiana, **and** on The National Bank of Indiana **within 14 days of the issuance of this Order**. Plaintiff **SHALL** file a Notice of Service on the docket in this action **with regard to each entity within 7 days** of the service on that entity.

The **CLERK SHALL** add "Merchants Bank of Indiana" and "The National Bank of Indiana" as Garnishee Defendants on the docket.

    **SO ORDERED**.

Date: 11/27/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email